# CARTER LEDYARD & MILBURN LLP
*Counselors at Law*

Mitchell C. Shapiro
Partner

Direct Dial: 212-238-8882
E-mail: mcshapiro@clm.com

*2 Wall Street*
*New York, NY 10005-2072*

*Tel (212) 732-3200*
*Fax (212) 732-3232*

*570 Lexington Avenue*
*New York, NY 10022-6856*
*(212) 371-2720*

August 13, 2015

**VIA E-FILE**

The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza, Courtroom 920
Central Islip, NY 11722

    Re:   *Zaglas v. Chop Shop Restaurant, Inc. et al.*
           Index No. 14-CV-6417 (JMA) (AYS)

Dear Judge Azrack:

    This firm represents defendants Chop Shop Restaurant, Inc. and Ralph Belfiore ("Belfiore") in the above-referenced matter. On May 11, 2015, Plaintiff filed a putative class action complaint alleging that Defendants willfully violated the Fair and Accurate Credit Transaction Act ("FACTA") by purportedly failing to redact certain credit or debit card information from paper receipts provided to Plaintiff and those similarly situated (the "Complaint"). By stipulation, Defendants' time to answer or otherwise respond to the Complaint was enlarged until August 14, 2015. We write pursuant to Section IV(B) of Your Honor's Individual Rules setting forth the bases for Defendants' anticipated motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## SUMMARY OF THE ARGUMENT

### 1. The Complaint Fails to Allege a Willful FACTA Violation

    The Complaint fails to allege that Defendants willfully violated FACTA's credit and debit card redaction requirements. To survive a motion to dismiss, "plaintiff's complaint must plead sufficient facts to support a plausible inference that defendant knew that its conduct was violating [FACTA], and not simply that defendant knew about the existence of the statutory provision at issue." *Crupar-Weinmann v. Paris Baguette America, Inc.*, No. 13 Civ. 7013, 2014 WL 2990110, at *4 (S.D.N.Y. Jun. 30, 2014) (dismissing FACTA complaint for failure to plead willful violation); *see also Katz v. Donna Karan Intern., Inc.*, No. 14 Civ. 740, 2015 WL 405506, at *2 (S.D.N.Y. Jan. 30, 2015) (same). Considering each relevant allegation in the Complaint—paragraphs 7, 39, 40, and 41—Plaintiff has not plausibly pleaded willfulness in this case.

Plaintiff's allegations in the second sentence of paragraph 7 are merely conclusory and therefore cannot support a finding of willfulness. *See* Compl. ¶ 7 ("Instead, Defendants have willfully violated this law and failed to protect Plaintiff and Class Plaintiffs against identity theft and credit card and debit card fraud, as well as inaccurate credit records by continuing to print the expiration date on paper receipts that they provided to Plaintiff and Class Plaintiffs at the point of sale.").

Similarly, the allegations contained in paragraphs 39 and 40 of the Complaint are unequivocally conclusory and fail to support a finding of willfulness. *See* Compl. ¶ 39 ("Defendants knew or should have known that FACTA prohibits printing the expiration dates of credit or debit cards and prohibits printing more than the last five digits of credit and debit card numbers."); Compl. ¶ 40 ("Despite their knowledge of FACTA and its importance, and despite having had more than three years to comply with FACTA's requirements, Defendants willfully violated and continue to violate FACTA's requirements by, *inter alia*, printing more than five digits of the card number and/or the expiration date upon the receipts that it provided to Class Plaintiffs – persons with whom Defendants transacts (sic) business.").

The only remaining relevant allegations in the Complaint—contained in the first sentence of paragraph 7 and in paragraph 41—fail to establish either Defendants' knowledge of FACTA or their willful, knowing, or reckless noncompliance. *See* Compl. ¶ 7 ("Defendants had more than three years to comply, and yet, nearly a decade later they had not done so."); Compl. ¶ 41 ("Most of Defendants' peers and competitors readily brought their credit card and debit card receipt printing processes into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number and/or expiration date upon the receipts provided to the cardholders. Defendants could have readily done the same. They chose not to do so."). "These generic allegations are applicable to nearly all entities that are subject FACTA's requirements and have been found inadequate even in a number of cases that postdate *Iqbal's* heightened clarification of pleading requirements on a Rule 12(b)(6) motion to dismiss." *Crupar-Weinmann*, 2014 WL 2990110, at *4.

None of the allegations in the Complaint—viewed in isolation or in the aggregate—permit the Court to plausibly infer that Defendants willfully, knowingly, or recklessly violated FACTA's redaction requirement, as is required for the Complaint to survive a motion to dismiss. Other than conclusory assertions and broad allegations that are applicable to all businesses subject to FACTA, "there are no factual allegations supporting a plausible inference that Defendants knew their conduct violated the [redaction requirement] or that Defendants consciously chose to violate FACTA." *Katz*, 2015 WL 405506, at *2. Accordingly, the Complaint must be dismissed.

### 2. The Complaint Should Be Dismissed As To Defendant Belfiore

Even if the Complaint sufficiently alleges a willful FACTA violation against Defendant Chop Shop, it nonetheless fails to state a claim against Defendant Belfiore. The alleged FACTA violation in this case purportedly arises from Plaintiff's use of his personal credit card "to pay for a meal at Hudson's Mill," a restaurant that Plaintiff alleges is owned and operated by defendant Chop Shop. Compl. ¶¶ 11, 15. The Complaint is devoid of any allegations that plausibly give rise to liability for Belfiore.

7665730.2

Plaintiff does not allege that Chop Shop is an alter ego of Belfiore. *See Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 138 (2d Cir. 1991) ("[t]he critical question is whether the corporation is a shell being used by the individual shareowners to advance their own purely personal rather than corporate ends"). To pierce the corporate veil and hold Belfiore liable in this case, Plaintiff must allege that: (1) Belfiore exercises such control over Chop Shop such that Chop Shop "has become a mere instrumentality of [Belfiore], who is the real actor; (2) such control has been used to commit fraud or other wrong; and (3) the fraud or wrong results in an unjust loss or injury to plaintiff." *Id.* at 138.

Here, Plaintiff merely alleges that, at all times relevant to the Complaint, Belfiore was the Chief Executive Officer of Chop Shop "who ran all aspects of the day-to-day basis of Hudson's Mill[,]" including matters relating to "credit cards, debit cards, and the issuance of receipts for all such point-of-sale transactions." Compl. ¶¶ 3, 12. These allegations do not even come close to suggesting that Belfiore "abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice . . . ." *Peery v. United Capital Corp.*, 84 A.D.3d 1201, 1202 (2d Dep't 2011). Because Plaintiff has failed to allege any indicia of a situation warranting veil-piercing, the Complaint must be dismissed as to Defendant Belfiore.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Defendants therefore respectfully request a pre-motion conference to address their anticipated motion to dismiss in accordance with Section IV(B) of Your Honor's Individual Rules.

Respectfully submitted,

Mitchell C. Shapiro

cc (via ECF and email):

Michael J. Borrelli
Borrelli & Associates, P.L.L.C.
1010 Northern Boulevard
Suite 328
Great Neck, NY 11021
mjb@employmentlawyernewyork.com

7665730.2