# CARTER LEDYARD & MILBURN LLP

*Counselors at Law*

Jacob H. Nemon
Associate

Direct Dial: 212-238-8728
E-mail: nemon@clm.com

2 Wall Street
New York, NY 10005-2072

Tel (212) 732-3200
Fax (212) 732-3232

570 Lexington Avenue
New York, NY 10022-6856
(212) 371-2720

June 26, 2017

**BY ECF AND MAIL**

The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza, Courtroom 920
Central Islip, New York 11722

      Re:   *Zaglas v. Chop Shop Restaurant, Inc., et al.*
              **Case No. 14-CV-6417-JMA-AYS**

Dear Judge Azrack:

      This firm represents Defendants Chop Shop Restaurant, Inc. and Ralph Belfiore, whose motion to dismiss the Second Amended Complaint was filed on February 2, 2017 (Dkt. Nos. 37-39). We are writing to notify the Court of the controlling decision entered this morning by the United States Court of Appeals for the Second Circuit in *Crupar-Weinmann v. Paris Baguette America, Inc.*, Dkt. No. 14-3709, Doc. 145-1 (2d. Cir. June 26, 2017) ("Decision"). A copy of the Decision is attached. The Second Circuit held, in affirming the dismissal with prejudice of an identical Fair and Accurate Credit Transactions Act (FACTA) claim, that "the printing of an expiration date on an otherwise properly redacted receipt does not constitute an injury in fact sufficient to establish Article III standing to bring a claim alleging a bare procedural violation of FACTA." Decision, at 15.

      In the instant matter, Plaintiff's Second Amended Complaint alleged, in relevant part, that "Defendants generated and provided Plaintiff with a paper receipt at the point of sale, but printed the entire expiration date from Plaintiff's credit card on the aforementioned receipt." Doc. 37-2, at ¶ 15. Plaintiff further alleged that "Defendants' willful and repeated violations of FACTA exposed Plaintiff and Class Plaintiffs to an increased risk of identity theft and credit and/or debit card fraud. As a result, Plaintiff and Class Plaintiffs were in fact injured." *Id.* at ¶ 31. In light of the Decision, Plaintiff's allegations are legally insufficient to provide Plaintiff with standing and this action should be dismissed with prejudice.

HON. JOAN M. AZRACK
JUNE 26, 2017
PAGE 2 OF 2

                            Respectfully submitted,

                            Jacob H. Nemon

cc:    **BY ECF**

        All Counsel of Record

7994590.1

14-3709
*Crupar-Weinmann v. Paris Baguette America, Inc.*

## UNITED STATES COURT OF APPEALS

### For the Second Circuit

August Term, 2015

(Argued: October 28, 2015  Decided: June 26, 2017)

Docket No. 14-3709

DEVORAH CRUPAR-WEINMANN, individually and on behalf of all others similarly situated,

*Plaintiff-Appellant,*

—v.—

PARIS BAGUETTE AMERICA, INC., doing business as P
aris Baguette,

*Defendant-Appellee.*\*

---

\* The Clerk of Court is respectfully directed to amend the caption to conform to the caption above.

1

B e f o r e:

    KATZMANN, *Chief Judge*, POOLER and CHIN, *Circuit Judges*.

---

    Appeal from a judgment of the district court dismissing the plaintiff's amended complaint with prejudice. The plaintiff brought suit against the defendant alleging a willful violation of the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), Pub. L. No. 108–159, 117 Stat. 1952 (codified as amended at 15 U.S.C. § 1681c(g)). Specifically, when the plaintiff purchased food at the defendant's restaurant, she received a printed receipt that contained her credit card's expiration date, one of several pieces of identifying information that FACTA prohibits printing on a receipt so as to reduce the risk of consumer identity theft. The plaintiff alleges that this action presented a material risk of harm of identity theft and constitutes an injury in fact sufficient for standing to sue. Here, however, we find it dispositive that Congress subsequently passed legislation amending FACTA to clarify that a receipt containing a printed expiration date *does not* raise a material risk of identity theft. This clarification, coupled with the absence of any specific allegations concerning the unintended exposure of the plaintiff's receipt to others, let alone allegations of actual identity theft, leads us to the conclusion that the bare procedural violation the plaintiff alleges here is insufficient to satisfy the injury-in-fact requirement necessary to establish Article III standing. On this basis, we AFFIRM the judgment of the district court.

---

    GREGORY A. FRANK (Marvin L. Frank, *on the brief*), Frank LLP, New York, NY; Khaled (Jim) El Nabli, Joseph H. Lilly, and Peter Y. Lee, Nabli & Associates, P.C., New York, NY, *for Plaintiff-Appellant.*

    JOSHUA A. BERMAN (Mary Jane Yoon and Eric L. Unis, *on the brief*), Troutman Sanders LLP, New York, NY, *for Defendant-Appellee.*

---

2

KATZMANN, *Chief Judge*:

When does a bare procedural violation of a statutory right constitute an injury in fact sufficient for standing to bring suit in federal court? Although the Supreme Court recently addressed this question in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), *as revised* (May 24, 2016), the inquiry is necessarily context-specific to the statutory right in question and the particular risk of harm Congress sought to prevent. Here, we address this issue as it relates to the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), Pub. L. No. 108-159, 117 Stat. 1952 (codified as amended at 15 U.S.C. § 1681c(g)), an issue of first impression in this Circuit. Guided by unambiguous statutory language that a receipt with a credit card expiration date does not raise a material risk of identity theft, and finding that the bare procedural violation alleged by the plaintiff does not present a material risk of harm, we conclude that allegations in her amended complaint do not satisfy the injury-in-fact requirement necessary to establish Article III standing to bring suit. Accordingly, we **AFFIRM** the judgment of the district court dismissing her amended complaint for lack of standing.

3

## BACKGROUND

### I. Factual History

The brief factual history of this case is drawn from plaintiff's amended complaint filed after we remanded the case to the district court. FACTA seeks to prevent identity theft by, among other things, requiring that venders who accept credit and debit cards not print "more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1). When plaintiff Devorah Crupar-Weinmann purchased food at Paris Baguette's midtown Manhattan restaurant on September 19, 2013, she paid for it with a credit card and received a printed receipt displaying her card's expiration date. She alleges that during this time period, "Paris Baguette routinely gave receipts to its customers at the point of sale at its various retail stores which displayed the expiration dates of the customers' credit and/or debit cards, in violation of the requirements of FACTA." Am. Compl. ¶ 17. The plaintiff's amended complaint is otherwise devoid of specific factual allegations concerning her interaction with the restaurant or any consequences that stemmed from the display of her credit card's expiration date

4

on the printed receipt. Instead, her complaint emphasizes that Congress's goal in passing FACTA was to reduce the risk of consumer identity theft by "mak[ing] it more difficult for identity thieves to obtain consumers' [c]ard information by reducing the amount of information identity thieves could retrieve from found or stolen [c]ard receipts." *Id.* ¶ 26. She further alleges that by "knowingly and recklessly print[ing] . . . [c]ard expiration dates on the [c]ard receipts," Paris Baguette violated FACTA, *id.* ¶ 92, and that doing so "created a real, non-speculative harm in the form of increased risk of identity theft," *id.* ¶ 29.

## II. Procedural History

In 2013, Crupar-Weinmann filed her initial complaint, which the defendant moved to dismiss, primarily on the basis that she failed to plead facts sufficient to allege plausibly that Paris Baguette *willfully* violated FACTA. Following full briefing and oral argument, the district court granted the defendant's motion to dismiss. *See Crupar-Weinmann v. Paris Baguette Am., Inc.*, No. 13 CIV. 7013 JSR, 2014 WL 2990110, at *1, *5 (S.D.N.Y. June 30, 2014). The district court dismissed the plaintiff's claims with prejudice, "convinced that plaintiff would not be able to plausibly plead a claim for willful violation of FACTA, even if she were given

5

the opportunity to replead." *Id.* at *5. Crupar-Weinmann then moved for reconsideration, asserting both that the district court misconstrued the pleading standard for a willful violation of FACTA and that it erred in dismissing her complaint with prejudice and without leave to amend; the court denied this motion on both grounds. *See Crupar-Weinmann v. Paris Baguette Am., Inc.*, 41 F. Supp. 3d 411, 413–14 (S.D.N.Y. 2014).

Crupar-Weinmann then appealed, and on October 28, 2015, we heard argument in both her case and a related case involving a similar legal question, *Katz v. The Donna Karan Company, LLC, et al.*, No. 15-464. Shortly thereafter, the Supreme Court heard oral argument in *Spokeo*, which raised questions concerning whether a plaintiff who "allege[s] a bare procedural violation, divorced from any concrete harm, [can] satisfy the injury-in-fact requirement of Article III." 136 S. Ct. at 1549. We held both this case and *Katz* until the Court rendered its decision in *Spokeo*, which clarified standing doctrine in ways that we explain in more detail below. Given *Spokeo*'s elucidation, we subsequently vacated and remanded both cases "to allow plaintiffs an opportunity to replead their claims to comport with the pleading standards set forth in *Spokeo*, and to

allow the district courts to address any standing questions in the first instance," and we retained appellate jurisdiction over the outcomes. *Cruper-Weinmann v. Paris Baguette Am., Inc.*, 653 F. App'x 81, 82 (2d Cir. 2016).

On remand, Crupar-Weinmann amended her complaint, Paris Baguette again moved to dismiss, and the district court again dismissed the plaintiff's complaint with prejudice, this time concluding that she lacked standing to bring claims for violations of FACTA's requirements. *Cruper-Weinmann v. Paris Baguette Am., Inc.*, No. 13 CIV. 7013 (JSR), 2017 WL 398657 (S.D.N.Y. Jan. 30, 2017). Crupar-Weinmann then moved to renew her appeal; we granted that motion, and the parties submitted letter briefing addressing the propriety of the district court's dismissal in light of *Spokeo*.

## DISCUSSION

### I. Standard of Review

We review *de novo* the district court's decision to dismiss the complaint for lack of standing pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), "construing the complaint in plaintiff's favor and accepting as true all material factual allegations

7

contained therein." *Donoghue v. Bulldog Inv'rs Gen. P'ship*, 696 F.3d 170, 173 (2d Cir. 2012).

## II. Standing to Allege A Bare Procedural Violation of Law

On appeal, the plaintiff challenges the district court's dismissal of her amended complaint on the basis that she did not plead a concrete injury in fact sufficient to establish Article III standing to bring suit against Paris Baguette.

### A.   Standing Doctrine After *Spokeo*

In *Lujan v. Defenders of Wildlife*, the Supreme Court explained that the "irreducible constitutional minimum of standing contains three elements": (1) "an injury in fact" to "a legally protected interest" that is both "(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical," (2) "a causal connection between the injury and the conduct complained of," and (3) that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." 504 U.S. 555, 560–61 (1992) (citations and internal quotation marks omitted). As here, the controversy in *Spokeo* implicated the "concrete and particularized" element of injury-in-fact standing analysis. *See Spokeo*, 136 S. Ct. at 1545, 1548. There, the Court considered a claim against

8

Spokeo, a "people search engine," alleging that when Spokeo trawled online sources to generate a profile of the plaintiff, it collected and reported inaccurate information about him, including his age, education, and marriage and family status, as well as job and socioeconomic position. *Id.* at 1544, 1546. The plaintiff asserted that Spokeo qualified as a "consumer reporting agency" under the Fair Credit Reporting Act of 1970 ("FCRA"), 84 Stat. 1127 (codified as amended at 15 U.S.C. §§ 1681 *et seq.*), and that, as a result, Spokeo was required "to 'follow reasonable procedures to assure maximum possible accuracy' of consumer reports, . . . to limit the circumstances in which such agencies provide consumer reports 'for employment purposes,' . . . and to post toll-free numbers for consumers to request reports," among other protections. *Spokeo*, 136 S. Ct. at 1545 (quoting 15 U.S.C. §§ 1681e(b), 1681b(b)(1), 1681j(a)). Importantly, as with FACTA, violators of the FCRA can be liable for both actual and statutory damages. *Id.* The *Spokeo* plaintiff's putative class action lawsuit alleged that in publishing incorrect information about the plaintiff and similarly situated individuals, Spokeo willfully failed to comply with the FCRA's requirements, *id.* at 1546, and the case turned on whether harms stemming from bare procedural

9

violations of the FCRA could satisfy the concreteness element of injury-in-fact standing analysis.

The Supreme Court concluded that while the *Spokeo* plaintiff could not "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III," that did "not mean . . . that the *risk* of real harm cannot satisfy the requirement of concreteness." *Id.* at 1549 (emphasis added). After all, as "Congress is well positioned to identify intangible harms that meet minimum Article III requirements, [and] its judgment is also instructive and important," Congress "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan*, 504 U.S. at 578). Given the variety of ways a consumer reporting agency could run afoul of the FCRA, the Court recognized that while any given "violation of one of the FCRA's procedural requirements may result in no harm," "Congress plainly sought to curb the dissemination of false information by adopting procedures designed to decrease that risk." *Id.* at 1550. Thus, the critical question for standing purposes is "whether the particular procedural violations alleged in this case entail *a degree of risk* sufficient to meet

10

the concreteness requirement." *Id.* (emphasis added). The Court remanded the case for the lower court to engage in this inquiry in the first instance. *Id.*

### B.     Post-*Spokeo* Second Circuit Standing Doctrine

We recently had the opportunity to apply *Spokeo* to another consumer class action lawsuit concerning a statute with a wide-ranging set of procedural rights and requirements, the Truth in Lending Act ("TILA"), Pub. L. No. 90–321, 82 Stat. 146 (1968) (codified as amended at 15 U.S.C. §§ 1601 *et seq.*), in *Strubel v. Comenity Bank*, 842 F.3d 181 (2d Cir. 2016). Unlike the single violation alleged here, *Strubel* involved a variety of alleged violations of the TILA, all related to required disclosures concerning the plaintiff's rights and responsibilities as a credit card holder and borrower of the bank. *Id.* at 185–86. Applying *Spokeo*, we recognized that "an alleged procedural violation can by itself manifest concrete injury where Congress conferred the procedural right to protect a plaintiff's concrete interests and where the procedural violation presents a 'risk of real harm' to that concrete interest." *Id.* at 190. We noted, however, an important limitation: "[E]ven where Congress has accorded procedural rights to protect a concrete interest, a plaintiff may fail to demonstrate concrete injury where

11

violation of the procedure at issue presents no material risk of harm to that underlying interest." *Id.* at 190. A central inquiry, then, is whether the particular bare procedural violation may present a material risk of harm to the underlying concrete interest Congress sought to protect. Accordingly, in *Strubel*, we held that those of the defendant's practices that "could cause consumers unwittingly not to satisfy their own obligations and thereby to lose their rights . . . raise[d] a sufficient degree of the risk of real harm necessary to [establish] concrete injury and Article III standing," while other allegations where plaintiff "fail[ed] to demonstrate sufficient risk of harm to a concrete TILA interest from [defendant's] alleged failure[s]" were properly dismissed for lack of standing. *Id.* at 200.

### III. Material Risk of Harm under FACTA

Applying *Strubel*, the key inquiry here is whether Paris Baguette's alleged bare procedural violation — printing Crupar-Weinmann's credit card expiration date on her receipt — presents a material risk of harm to the underlying concrete interest Congress sought to protect in passing FACTA. We find it dispositive that in 2007, Congress clarified FACTA in the Credit and Debit Card Receipt

12

Clarification Act of 2007 ("Clarification Act"), stating that "[e]xperts in the field agree that proper truncation of the card number, . . . *regardless of the inclusion of the expiration date*, prevents a potential fraudster from perpetrating identity theft or credit card fraud." Pub. L. 110–241, § 2(a)(6), 122 Stat. 1565, 1565 (2007) (emphasis added). This makes clear that Congress *did not* think that the inclusion of a credit card expiration date on a receipt increases the risk of material harm of identity theft.

Crupar-Weinmann counters that the Clarification Act maintained FACTA's prohibition on printing credit card expiration dates on receipts, which reflects Congress's continued belief that the action does pose a material risk of harm. While we acknowledge that the Clarification Act maintained FACTA's prohibition on this practice, we decline to draw plaintiff's proposed inference, because in the same Act, Congress *expressly* observed that the inclusion of expiration dates *did not* raise a material risk of identity theft, presumably to curtail the "hundreds of lawsuits [that] were filed [after FACTA's passage] alleging that the failure to remove the expiration date was a willful violation . . . even where the account number was properly truncated[, and n]one

of these lawsuits contained an allegation of harm to any consumer's identity." Pub. L. 110–241 § 2(a)(4)–(5), 122 Stat. at 1565. Congress could not have been clearer in stating that "[t]he purpose of this Act is to ensure that consumers suffering from any actual harm to their credit or identity are protected while simultaneously limiting abusive lawsuits that do not protect consumers but only result in increased cost to business and potentially increased prices to consumers." *Id.* § 2(b), 122 Stat. at 1566. Given this clarification of FACTA, coupled with our holding in *Strubel* that a plaintiff must allege that, at a minimum, the bare "procedural violation presents a 'risk of real harm' to [her] concrete interest," 842 F.3d at 190, we conclude that the plaintiff here has not alleged in her amended complaint that Paris Baguette's bare procedural violation of FACTA posed a material risk of harm to her.[1] We thus join our sister Circuit in concluding, in a case with a nearly identical set of allegations, that "[i]n these

---

[1] This is not to say that it is impossible to allege a different "bare procedural violation" of 15 U.S.C. § 1681c(g) for which some plaintiff might have standing. In a circumstance like this, however, where the plaintiff alleges no particular harm beyond a purely procedural violation, and Congress has found that *that* particular bare procedural violation does not increase the risk of the relevant material harm, the plaintiff lacks standing to proceed with such a suit.

14

circumstances, it is hard to imagine how the expiration date's presence could have increased the risk that [plaintiff's] identity would be compromised." *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 727 (7th Cir. 2016).

## Conclusion

For these reasons, we join the Seventh Circuit in holding that the printing of an expiration date on an otherwise properly redacted receipt does not constitute an injury in fact sufficient to establish Article III standing to bring a claim alleging a bare procedural violation of FACTA. Accordingly, the judgment of the district court is **AFFIRMED**.

**United States Court of Appeals for the Second Circuit**
**Thurgood Marshall U.S. Courthouse**
**40 Foley Square**
**New York, NY 10007**

ROBERT A. KATZMANN
CHIEF JUDGE

Date: June 26, 2017
Docket #: 14-3709cv
Short Title: Crupar-Weinmann v. Paris Baguette America, Inc

CATHERINE O'HAGAN WOLFE
CLERK OF COURT

DC Docket #: 13-cv-7013
DC Court: SDNY (NEW YORK CITY)
DC Judge: Rakoff

## BILL OF COSTS INSTRUCTIONS

The requirements for filing a bill of costs are set forth in FRAP 39. A form for filing a bill of costs is on the Court's website.

The bill of costs must:
* be filed within 14 days after the entry of judgment;
* be verified;
* be served on all adversaries;
* not include charges for postage, delivery, service, overtime and the filers edits;
* identify the number of copies which comprise the printer's unit;
* include the printer's bills, which must state the minimum charge per printer's unit for a page, a cover, foot lines by the line, and an index and table of cases by the page;
* state only the number of necessary copies inserted in enclosed form;
* state actual costs at rates not higher than those generally charged for printing services in New York, New York; excessive charges are subject to reduction;
* be filed via CM/ECF or if counsel is exempted with the original and two copies.

**United States Court of Appeals for the Second Circuit**
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

| | |
|---|---|
| **ROBERT A. KATZMANN**<br>CHIEF JUDGE | **CATHERINE O'HAGAN WOLFE**<br>CLERK OF COURT |
| Date: June 26, 2017<br>Docket #: 14-3709cv<br>Short Title: Crupar-Weinmann v. Paris Baguette America, Inc | DC Docket #: 13-cv-7013<br>DC Court: SDNY (NEW YORK CITY)<br>DC Judge: Rakoff |

## VERIFIED ITEMIZED BILL OF COSTS

Counsel for _____

respectfully submits, pursuant to FRAP 39 (c) the within bill of costs and requests the Clerk to prepare an itemized statement of costs taxed against the

_____

and in favor of

_____

for insertion in the mandate.

Docketing Fee            _____

Costs of printing appendix (necessary copies _____) _____

Costs of printing brief (necessary copies _____ ____) _____

Costs of printing reply brief (necessary copies _____) _____

**(VERIFICATION HERE)**

_____
Signature